MADDOX, Justice
(concurring specially).
I concur completely in the majority’s opinion, which follows the holding of this Court in State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 186 So. 487 (1939). In Murphy, this Court stated:
“[I]t is the peculiar function of the lawmakers to ascertain and determine when the welfare of the people requires the exercise of the State’s police powers, and what are appropriate measures to that end, subject only to the power of the courts to adjudge whether any particular law is an invasion of rights secured by the Constitution.”
237 Ala. at 338, 186 So. at 493. I have no doubt that the power of the Legislature to regulate the purchase, manufacture, and sale of alcoholic beverages is not restricted by § 93 of Alabama’s Constitution.
I write separately only to address an issue that is not addressed in the opinion of this Court or in the opinion of the Court of Civil Appeals, but was addressed by the trial court — the power of ABC Board stores to sell nonalcoholic items. I find no authority under the Constitution that would permit the ABC Board stores to engage in the business of selling nonalcoholic items. Although the Court of Civil Appeals did not reach the issue of whether the sale of nonalcoholic items violated § 93,1 did not want my concurrence in the majority’s opinion to be understood as suggesting that I would hold that ABC Board stores can constitutionally sell such items.